UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RADU VASILE MUNTEAN,

        Petitioner,                    Case Number: 4:21-CV-10758
                                                        Hon. Stephanie Dawkins Davis

v.

GEORGE STEVENSON,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S
MOTION TO STAY, DENYING RESPONDENT'S MOTION
TO HOLD RESPONSIVE PLEADING ORDER IN ABEYANCE,
<u>AND ADMINISTRATIVELY CLOSING CASE</u>**

Radu Vasile Muntean, a prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, unlawful imprisonment, Mich. Comp. Laws § 750.349b, possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b(1), aggravated domestic violence, Mich. Comp. Laws § 750.81a(2), and torture, Mich. Comp. Laws § 750.85.

Now before the Court is Petitioner's motion to stay this proceeding to allow him to exhaust additional claims in the state courts. (ECF No. 5). The Court will

grant the motion, hold the petition in abeyance and stay the proceedings under the conditions set forth in this decision to allow Petitioner to complete exhaustion of his claims.

I.  BACKGROUND

Petitioner was convicted by a jury in Wayne County Circuit Court. His convictions were affirmed by the Michigan Court of Appeals. *People v. Muntean*, No. 334952, 2018 WL 5629737 (Mich. Ct. App. Oct. 30, 2018). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court remanded the case to the trial court for correction of a sentencing error and, in all other respects, denied leave to appeal. *People v. Muntean*, 505 Mich. 1020 (2020).

In 2021, Petitioner filed the pending habeas petition, raising three claims for relief: (i) he was denied the right to counsel during the pre-trial stage; (ii) trial counsel was ineffective for failing to remove or challenge a biased juror, failing to ensure the jury was properly instructed on the defense of accident, and failing to present any evidence regarding competency; and (iii) insufficient evidence supports his convictions. Approximately six months after filing the petition, Petitioner filed a motion to stay.

## II. DISCUSSION

Petitioner asks the Court to hold the petition in abeyance and stay the proceedings so that he may exhaust additional claims in state court. Petitioner seeks to raise several additional ineffective assistance of counsel claims, a claim that the admission of prior bad acts evidence violated his right to a fair trial, and a claim that he was denied the right to consult with counsel during trial.

A state prisoner seeking federal habeas relief must first exhaust available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 Fed. App'x 808, 814 (6th Cir. 2015).

A prisoner who has filed a habeas petition but seeks to raise additional claims not yet exhausted in state court may ask the federal court to stay the federal habeas proceedings until state remedies are exhausted. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A stay may

3

be granted provided there is good cause for failure to exhaust claims and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

In this case, a stay is warranted. First, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, Petitioner's claim that his appellate attorney was ineffective for failing to raise these claims on direct appeal may constitute good cause for failing to previously exhaust these claims. *See Wagner v. Smith*, 581 F.3d 410, 419 n.4, 5 (6th Cir. 2009). Finally, based upon the present record, the Court cannot conclude that the unexhausted claims are plainly meritless or that Petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78. Under these circumstances, it is not an abuse of discretion to stay this proceeding.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. The stay is conditioned on Petitioner filing a motion for relief from judgment in the trial court within ninety days of this order, pursuing a timely appeal in the state courts if necessary, and then filing a motion to reopen and an amended petition in this

Court, using the same caption and case number included at the top of this Order, within ninety days of fully exhausting his state court remedies. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies). Should Petitioner fail to comply with any of these conditions, the petition may be dismissed. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (holding that dismissal of a habeas petition is appropriate where a petitioner has failed to comply with the terms of a stay).

Finally, Respondent has filed a motion to hold the Court's order requiring responsive pleading in abeyance. The decision to grant Petitioner's motion to stay also stays the deadline imposed by the responsive pleading order. Respondent's motion will be denied as moot.

### III. ORDER

The Court **GRANTS** Petitioner's motion to stay (ECF No. 5) and further proceedings are held in abeyance subject to the conditions detailed above.

The Court **DENIES** as moot Respondent's motion to hold order requiring responsive pleading in abeyance (ECF No. 6).

To avoid administrative difficulties, the Clerk of the Court shall **CLOSE**

this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED**.

s/Stephanie Dawkins Davis<br>
Stephanie Dawkins Davis<br>
United States District Judge

Dated: May 20, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 20, 2022, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager

6